**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROL CHAPPETTO,**

        **Plaintiff,**

**-vs-**                                           **Case No. 6:08-cv-924-Orl-19DAB**

**CONDOMINIUM CONCEPTS**
**MANAGEMENT, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 18)**
>
> **FILED:** **July 23, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This Court held a fairness hearing, following the parties' notification of settlement in this Fair Labor Standards Act case.[1] According to the Complaint, Plaintiff was allegedly owed unpaid overtime compensation from Defendant. As set forth at hearing, Plaintiff was a salaried employee, working as an administrative assistant for Defendant. Defendant raised certain defenses denying

---

[1] The notification (Doc. No. 15) did not contain the terms of the settlement, and neither the motion nor the record included the amount of Plaintiff's claim. The Court cannot determine whether a settlement is fair without a showing of the amount of the claim, the amount to be received in settlement, and a basis for the compromise. As the record was incomplete, a fairness hearing was necessary.

liability and challenging the amount of the claim. The parties have filed a summary of the settlement terms, and counsel for both sides appeared telephonically at hearing.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

At hearing, Plaintiff's counsel represented that if Plaintiff could overcome Defendant's assertion that she was an exempt salaried employee, Plaintiff's claim was worth $2,000.00. In view of the vagaries of litigation and Defendant's other defenses regarding computation of the claim (whether lunch hours were taken), the parties settled for $1,750.00, inclusive of liquidated damages. The Court finds this to be a fair and reasonable resolution of a bona fide dispute.

The settlement also includes a payment to Plaintiff's counsel of $1,812.23 in attorney's fees and $437.77 in costs.  In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no judgment, as the parties have asked that the Court approve the settlement and dismiss the complaint, with prejudice. Nonetheless, the Court reviews the amount sought, to the extent it impacts the amounts Plaintiff ultimately receives in settlement. Here, counsel represents that he has incurred at least 9.2 hours of time in the matter, and both sides contend that the fee is reasonable. The Court concurs.

It is therefore **respectfully recommended** that the motion be **granted,** the settlement be **approved,** and the case be **dismissed, with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 30, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy